UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL BARKER,<br><br>          Plaintiff,<br><br>v.<br><br>NORTHROP GRUNMAN SYSTEMS CORPORATION and DOES 1-10,<br><br>          Defendants. | Case No.: 3:21-cv-01192-BEN-MDD<br><br>**ORDER GRANTING MOTION TO TRANSFER CASE**<br><br>[ECF No. 10] |

This matter comes before the Court on Defendant Northrop Grunman Systems Corporation's (Northrop Grunman) motion to compel arbitration, or in the alternative, transfer venue. For the following reasons, the Court grants Northop Grunman's alternative request to transfer this case to the United States District Court for the Eastern District of Virginia.

**I.     Background**

Plaintiff Russell Barker is a former employee of Northrop Grunman, working there from 2010 until 2021, when his employment was terminated. FAC ¶¶ 11, 26. As part of his employment, Plaintiff entered into several international arbitration agreements ("IAA's") that were in effect during his overseas assignments. These included provisions for arbitration of disputes as well as a section labeled "Jurisdiction and Venue." The arbitration provisions call for proceedings to be held in Falls Church, Virginia and the Jurisdiction and venue section states in part:

> "[A]ny dispute, controversy, claim, or complaint determined by a court of competent jurisdiction not to be arbitrable thereunder, shall be heard only in the state and federal courts located in Virginia, U.S. Employee and Company hereby waive any right each may have to assert that litigation in the Virginia courts should not occur because it is inconvenient or to object to venue to the extent any proceeding is brought in accordance with this paragraph. You and the Company stipulate that the state and federal courts located in Fairfax County, Virginia shall have in personam jurisdiction and venue for the purpose of litigating any such dispute, controversy, claim, or complaint arising out of or related to this Agreement.

ECF No. 10 at 24.

Northrop Grunman hired Plaintiff to perform the duties of a deployed Site Manager for a program whose base of operations was in Kandahar, Afghanistan. Complaint, ECF No. 1. At 3. This suit stems from allegations by the Plaintiff that he was wrongfully passed over for a promotion in 2019, wrongfully demoted, and then wrongfully terminated in 2021. Plaintiff, who was diagnosed with cancer, alleges his work for Defendant caused his condition, particularly through exposure to toxic burn pits while deployed. *Id.* at 6-7. Plaintiff, who lived in Nevada throughout his tenure with Defendant, changed his "employment base" from Nevada to California and subsequently entered the California disability system; while Plaintiff still lived and worked in Nevada during this time, he received benefits from California. *Id.* Plaintiff worked remotely for one of Defendant's San Diego offices and would occasionally attend meetings in San Diego as part of his employment.

In addition to several federal claims, Plaintiff alleges disability discrimination, retaliation, and wrongful termination in violation of public policy all arising under California's Fair Employment and Housing Act (FEHA). Defendant now seeks transfer of this case to the U.S. District Court for the Eastern District of Virginia in accordance with the forum selection clause of the parties' arbitration agreement.

## II.     DISCUSSION

The Court addresses Defendant's alternative motion for venue transfer before addressing the motion to compel arbitration. The forum selection clause (*see* supra)

states that any action relating to the scope of Plaintiff's employment shall be heard in the state and federal courts of Virginia.  If the forum selection clause is valid and enforceable, then it is the Eastern District of Virginia, and not this Court, that should determine the arbitration dispute.

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.  Only under extraordinary circumstances unrelated to the convenience of the parties should a §1404(a) motion be denied." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).  Plaintiff argues the forum selection clause is invalid and, even if it is valid, asserts that there is good cause for this Court to not enforce it.  The Court disagrees.

The Ninth Circuit provided guidance on the "extraordinary circumstances" required in *Atlantic Marine*.  "[W]e turn to the Court's prior guidance on this issue in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972).  *M/S Bremen* held that a forum-selection clause was controlling unless the plaintiff made a strong showing that: (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen* at 15).

"Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied . . . In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations.  Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine* at 62.

When the parties have a valid forum selection clause,[1] though, this analysis changes in three ways. First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules. *Id.* at 63-64.

Here, the only public interest Plaintiff can point to is his claim that "California has a strong public policy of having its [employee's] claims litigated in California." Pl.'s Opp'n, ECF No. 15 at 21. The Court does not find this compelling enough to outweigh the norm that a forum selection clause should be enforced. The case relied on by Plaintiff (*Depuy Synthes Sales, Inc. v. Stryker Corp.*, 2019 U.S. Dist. LEXIS 67403 (C.D. Cal. 2019) also fails to convince because the strong public policy there dealt with "an employee who primarily resides in and works in California." Cal. Lab. Code § 925. While Plaintiff provides a litany of cases supporting the proposition that California has a

---

[1] Here, the Court finds the forum selection clause valid. Plaintiff's argument that the agreement attached to Defendant's motion is expired fails. The plain and unambiguous language of the contract says the agreement covers legal claims arising during or after Plaintiff's overseas assignment. ECF No. 10 at 24. The Court also does not find the agreement to be procedurally or substantively unconscionable. *See Powers v. Northrup Grumman Corp.*, No. 20CV1506 DMS(MSB), 2020 WL 6381899, at *5 (S.D. Cal. Oct. 29, 2020).

strong public interest in seeing its employment laws enforced, this Court is not convinced this extends to Nevada residents working for a Virginia headquartered company.

Plaintiff also points out he has health problems that would make traveling to Virginia difficult. Opp'n, ECF No. 15 at 22. While the Court is sympathetic to Plaintiff's health condition, this is a private factor that this Court cannot afford any weight to under the *Atlantic Marine* test. 571 U.S. at 63. Where the parties have agreed to a forum-selection clause, they "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 571 U.S. at 64. A court must dismiss a suit filed "in a forum other than the one specified in a valid forum-selection clause," even if it "makes it possible for [plaintiffs] to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate." *Id.* at 66 n.8, (alteration in original) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). "[W]hen the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause . . . dismissal would work no injustice on the plaintiff." *Id.* Plaintiff argues that he will need to hire a Virginia attorney in addition to the California attorney he already retained and that this added expense will financially deprive him of his day in court. Pl.'s Opp'n, ECF No. 15 at 22. The forum selection clause in Plaintiff's employment agreement makes clear that consulting a Virginia attorney for this matter was the appropriate move from the outset of this case.

For the foregoing reasons, Defendant's motion to transfer this case and the pending motion to compel arbitration to the U.S. District Court for the Eastern District of Virginia is granted.

**IT IS SO ORDERED.**

Dated: May 31, 2022

_____
**HON. ROGER T. BENITEZ**
United States District Judge